IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAKOTA JAMES CHARBONEAU,<br><br>　　　　　　Defendant. | Case No. 3:18-cr-108-01<br><br>**ORDER** |

　　　　Before the Court is the United States' motion seeking an order amending the judgment filed in this case and adjusting the terms of Defendant Dakota James Charboneau's payment schedule.  Doc. 94.  Charboneau has not responded to the motion.

　　　　On February 25, 2019, the Court sentenced Charboneau sentenced to 300 months' imprisonment to run concurrent with his conviction in two other cases[1] and 5 years' supervised release.  Doc. 68.  In addition, the Court ordered Charboneau to pay criminal monetary penalties as follows:  special assessment in the sum of $200.00 and restitution in the sum of $11,659.71.  Interest accrues at the rate of 2.53 percent per annum pursuant to 18 U.S.C. § 3612(f).

　　　　The Judgment filed in this case further directed Charboneau to make payments while incarcerated as follows:

> It is recommended that the defendant be required to participate in the Inmate Responsibility Program so that the defendant can make restitution payments while incarcerated.  While the defendant is in custody of the Bureau of Prisons payments shall be paid in monthly installments equal to 75 percent of the defendant's UNICOR earnings for that month.  If the defendant is not employed by UNICOR, payments shall be equal to 25 percent of the inmate's earnings, or not less than $25 per quarter.  Payments shall begin upon issuance of the inmate's first payment from the Bureau of Prisons.

---

[1] See United States v. Charboneau, Case No. 3:17-cr-261 64 (D.N.D. Sept. 18, 2018); United States v. Charboneau, Case No. 3:18-cr-14 31 (D.N.D. Sept. 19, 2018).

(Doc. 68 at 4.) The Clerk of Court's records indicate Charboneau began making payments via the Bureau of Prison's Inmate Financial Responsibility Program (IFRP) in 2021. Pursuant to 18 U.S.C. § 3664(k), the United States seeks a modification to this payment schedule to ensure it can enforce the Judgment in the event it learns that the Charboneau has an interest in a non-exempt asset. Doc. 94 at 3-4.

After an independent and careful review of the record, the Court concurs that a modification to the terms of the Judgment is necessary.[2]

Accordingly, **IT IS ORDERED** the Clerk of Court is directed to issue an amended judgment ordering that the full sum of all criminal monetary penalties is due immediately. All remaining terms of the Judgment shall remain in place.

Dated this 14th day of April, 2022.

                                                                                         */s/ Peter D. Welte*
                                                                                         PETER D. WELTE, Chief Judge
                                                                                         United States District Court

---

[2] Additionally, as noted above, Charboneau did not respond to the United States' motion. Pursuant to Local Criminal Rule 47.1(F), "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Crim. L. R. 47.1(F).